THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EDWARD COKE, } | |
| } | |
| Plaintiff, } | |
| } | |
| v. } | CASE NO.: 2:23-cv-01104-RDP |
| } | |
| RETIREMENT SYSTEMS OF } | |
| ALABAMA, et al. } | |
| } | |
| Defendants. } | |

**MEMORANDUM OPINION**

This matter is before the court on Defendants Retirement Systems of Alabama, Christopher Townes, Ron Short, "Staff Attorneys, RSA," and Angela Freeman's (hereinafter referred to collectively as "Defendants") Motion to Dismiss. After careful review, and for the reasons outlined below, the Plaintiff's complaint is due to be dismissed without prejudice.

**I.      Background**

Plaintiff Edward Coke ("Plaintiff") filed this suit against Defendants, seeking to recover monthly retirement payments as a beneficiary under his late mother's retirement plan.

In his complaint, Plaintiff states that his mother, Dorris Coke ("Ms. Coke"), taught school for over thirty years before retiring in 1988. (Doc. # 1 at 5). During her time as a schoolteacher, Ms. Coke's retirement plan was handled by Defendants. (*Id.*).

Upon retiring in 1988, Ms. Coke received information from the Teachers' Retirement System regarding her maximum benefit and optional benefits under her retirement plan. (Doc. # 1-3). Ms. Coke elected to receive benefits under Option II of the retirement plan, which provided a lifetime benefit to the retiree and, in the event of the retiree's death, a lifetime benefit to the

beneficiary she designated at the time of her retirement. (*Id.*). Ms. Coke named H.D. Coke as her designated beneficiary. (*Id.*). Her election into Option II resulted in a reduction from her maximum benefit from $1,674.64 to $1,572.32 each month. (*Id.*).

In October 1992, H.D. Coke passed away. (*Id.*). Defendants were notified of H.D. Coke's death on October 5, 1992. (*Id.*). However, at that time, the Code of Alabama contained no provision that allowed the naming of a replacement beneficiary under Option II. (*Id.*).

In October 2000, the ability to name a replacement beneficiary became effective under Option II – with certain conditions. (*Id.*). Ms. Coke requested an estimate to replace H.D. Coke as her beneficiary with Plaintiff. (*Id.*). In a response letter, Defendants stated that Ms. Coke's retirement plan was chosen at the time she retired and could, therefore, not be changed from Option II. (Doc. # 1-4). Instead, the letter allowed Ms. Coke to either: (1) keep the same price of her monthly benefit and name a replacement beneficiary to receive a one-time, lump sum payment of a prorated share of her benefit in the month she passes away; or (2) reduce her monthly benefit and name a replacement beneficiary to receive a monthly check for the remainder of his life. (*Id.*).

In May 2022, Ms. Coke passed away. (Doc. # 1 at 5). In November 2022, Plaintiff contacted Defendants regarding the retiree benefits of Ms. Coke. In response, Defendants informed Plaintiff that Ms. Coke did not elect to reduce her monthly income and name him as her replacement beneficiary. (Doc. # 1-3). Instead, he was solely her designated beneficiary and was therefore entitled to receive a one-time, lump sum payment for the 20 days she lived in the month of her death. (*Id.*).

Plaintiff filed the present suit *pro se*, alleging that he should be considered the lifetime beneficiary of Ms. Coke's plan and claims he is entitled to (1) future lifetime monthly payments, (2) "$70 million in claimed lifetime payments," and (3) punitive damages. (Doc. # 1 at 5). He

contends that he was denied due process, that this is a "case of Classism," that RSA is "racist, sexist, age discriminators, and that they used mailed and wire fraud to carry out their illegal acts." (*Id.* at 7).

## II.     Legal Standard

A party may raise a defense of lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). "A federal district court is under a mandatory duty to dismiss a suit over which it has no jurisdiction." *Southeast Bank, N.A. v. Gold Coast Graphics Grp. Partners*, 149 F.R.D. 681, 683 (S.D. Fla. Jul. 15, 1993) (citing *Stanley v. Cent. Intelligence Agency*, 639 F.2d 1146, 1157 (5th Cir. 1981); *Marshall v. Gibson's Prods., Inc. of Plano*, 584 F.2d 668, 671-72 (5th Cir. 1978); see also *Lifestar Ambulance Serv., Inc. v. United States*, 365 F.3d 1293, 1295 (11th Cir. 2004) (observing that a court may not proceed in the absence of subject matter jurisdiction).

A Rule 12(b)(1) motion may raise either a facial or factual attack. *Willett v. United States*, 24 F. Supp. 3d 1167, 1173 (M.D. Ala. 2014) (citing *McElmurray v. Consol. Govt. of Augusta-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007)). "Facial attacks on the complaint 'require[] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A.*, 104 F.3d 1256, 1261 (11th Cir. 1997) (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)) (additional citations omitted). "Factual attacks" challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id.*

In addition, a complaint must allege enough facts "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must "state

a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Further, "the Eleventh Amendment protects a State from being sued in federal court without the State's consent." *Burrell v. Teacher's Ret. Sys. of Ala.*, 353 F. App'x. 182, 183 (11th Cir. 2009) (quoting *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003)). And, by extension, the Eleventh Amendment Immunity also bars a suit in federal court when an "arm of the State" is sued. *Id.*

The court recognizes that Plaintiff is appearing *pro se*, that filings by *pro se* litigants are to be more leniently construed, and that such litigants are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted); *Evans v. Georgia Reg'l Hosp.*, 850 F.3d 1248, 1253 (11th Cir. 2017) (citing *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). However, notions of leniency do not excuse a plaintiff from compliance with threshold requirements of the Federal Rules of Civil Procedure. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Nor does this leniency require or allow courts "to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

**III.   Discussion**

In their Motion to Dismiss, Defendants seek to dismiss all claims asserted against them in the complaint. In particular, Defendants argue: (1) the court lacks subject matter jurisdiction over Plaintiff's claims; (2) Plaintiff's complaint should be dismissed for failure to state a claim; and, in

any event, (3) Defendants are entitled to Eleventh Amendment Immunity. (Doc. # 8). The court discusses each argument below.

      **a.    Plaintiff's criminal claims are due to be dismissed because the court lacks subject matter jurisdiction over them.**

The first principle governing the jurisdiction of federal courts is that federal courts are courts of limited rather than general jurisdiction." *Kelly v. Harris*, 331 F.3d 817, 819 (11th Cir. 2003). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Consistent with the notion that federal courts are tribunals of limited jurisdiction, a party bringing a suit must establish that the court has jurisdiction. *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1207 (11th Cir. 2007). So, "[w]hen a plaintiff files suit in federal court, []he must allege facts that, if true, show federal subject matter jurisdiction over [his] case exists." *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013). Conclusory allegations are insufficient to meet this burden. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010).

If a complaint's non-conclusory factual allegations, taken as true, do not establish the existence of subject matter jurisdiction, the court must dismiss the action. *See Travaglio*, 735 F.3d at 1269 ("That is, if a complaint's factual allegations do not assure the court it has subject matter jurisdiction, then the court is without power to do anything in the case."); *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (per curiam) ("Facial attacks on the complaint require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." (cleaned up)).

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is

5

presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). However, "merely mentioning a constitutional provision or statute, without providing factual detail that is comprehensible, is not sufficient to establish federal question jurisdiction." *Welch v. Pen Air Fed. Credit Union*, 2019 WL 4684453, at *5 (S.D. Ala. Sep. 25, 2019).

Here, Plaintiff cites to an array of federal statutes in his complaint, which he believes provide this court with subject matter jurisdiction.[1] However, six of these citations are to federal criminal statutes under which Plaintiff has no standing to assert a civil action claim.[2] *See Butler v. Morgan*, 562 F. App'x 832, 835 (11th Cir. 2014) ("Only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241 and 242, the criminal analogue of 42 U.S.C. § 1983"); *Tillman v. Lawrimore*, 2022 WL 678903, at *5 (11th Cir. 2022) ("18 U.S.C. § 1001 is a criminal statute…thus, only the government can charge someone with a violation of the statute. [Plaintiff] cannot use it in a civil suit…"); *Austin v. Glob. Connection*, 303 F. App'x 750, 752 (11th Cir. 2008) (recognizing that 18 U.S.C. §§ 1341 and 1343 are criminal statutes which do not provide civil remedies); *Hanna v. Home Ins. Co.*, 281 F.2d 298, 303 (5th Cir. 1960) ("The sections of Title 18 may be disregarded in this suit. They are criminal in nature and provide no civil remedies"). Therefore, because Plaintiff lacks standing to assert these claims, and the court otherwise lacks jurisdiction to entertain these claims, and they are due to be dismissed.

---

[1] *See* 18 U.S.C. § 1001; 18 U.S.C. § 1441; 18 U.S.C. § 1341; 42 U.S.C. § 1981; U.S. Const. amend. XIV; 18 U.S.C. § 242; 42 U.S.C. § 1981(a)(b)(c); 42 U.S.C. § 1985; 18 U.S.C. § 1343; 18 U.S.C. § 910; 18 U.S.C. § 914; 18 U.S.C. § 241.

[2] *See* 18 U.S.C. § 1001; 18 U.S.C. § 1341; 18 U.S.C. § 242; 18 U.S.C. § 1343; 18 U.S.C. § 914; 18 U.S.C. § 241.

b.   **Plaintiff's remaining claims are due to be dismissed for failure to state a claim.**

Defendants also move to dismiss Plaintiff's claims asserting that they acted discriminatorily towards him in violation of 42 U.S.C. §§ 1981 and 1985, the Civil Rights Act, and the Fourteenth Amendment of the United States Constitution. For the reasons explained below, the court concludes Plaintiff has not stated a plausible claim as to these allegations. *See* Fed. R. Civ. P.12(b)(6).

To state a claim for relief, a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction...; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). As such, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]o state a plausible claim for relief, the plaintiff[ ] must plead 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1268 (11th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complainant must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Furthermore, while Rule 8 does not require "detailed factual allegations," it does demand "more than an un-adorned, the defendant-unlawfully-harmed-me accusation." *Hopkins v. Saint Lucie County School Bd.*, 399 F. App'x 563, 565 (quoting *Iqbal*, 556 U.S. at 678).

After reviewing Plaintiff's complaint, this court concludes that Plaintiff's pleading is wholly devoid of any factual allegations that "raise a right to relief above the speculative level" as to these claims. *Twombly*, 550 U.S. at 555. Although Plaintiff broadly asserts that this is a case of

7

"Classism" and that "RSA is racist, sexist, age discriminators and they used the mail and wire to carry out their illegal acts," (Doc. # 1 at 7), his complaint fails to put forth any facts to plausibly suggest that any action (or inaction) taken by Defendants in refusing to transfer Ms. Coke's monthly retirement payments to him as a beneficiary was on the basis of race, sex, age, or class. Instead, Plaintiff directly contradicts his conclusory allegations by attaching as an exhibit a letter from Defendants clearly stating that they would not provide him with monthly payments *because* Ms. Coke did not elect to name him as a replacement beneficiary. (Doc. #1-3).

Because Rule 8 demands "more than an un-adorned, the defendant-unlawfully-harmed-me accusation," Plaintiff's hollow and non-specific allegations that Defendants based their decision to award him a one-time, lump sum retirement payment on race, gender, age, or class are insufficient to state a plausible claim. *Iqbal*, 556 U.S. at 678. Plaintiff's complaint lacks any factual content that allows the court to draw the reasonable inference that Defendants violated 42 U.S.C. §§ 1981 and 1985, the Civil Rights Act, or the Fourteenth Amendment of the United States Constitution. *Sinaltrainal,* 578 F.3d at 1268 (quoting *Iqbal*, 556 U.S. at 678). Therefore, those claims are due to be dismissed for failure to state a claim.

> **c.   In the alternative, Plaintiff's claims are due to be dismissed because Defendants are entitled to Eleventh Amendment Immunity.**

Even if the court were to find that Plaintiff's complaint successfully pleaded his claims under 42 U.S.C. §§ 1981 and 1985, the Civil Rights Act, and the Fourteenth Amendment of the United States Constitution (which again, to be clear, the court does not find), Plaintiff's claims against Defendants are also due to be dismissed under the Eleventh Amendment.

"The Eleventh Amendment protects a State from being sued in federal court without the State's consent." *Burrell v. Teacher's Ret. Sys. of Ala.*, 353 F. App'x 182, 183 (11th Cir. 2009) (quoting *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003)). In addition, the Eleventh

Amendment Immunity also bars a suit in federal court when an "arm of the State" is sued. *Id.* Therefore, "to receive Eleventh Amendment immunity, a defendant need not be labeled a 'state officer' or 'state official,' but instead need only be acting as an 'arm of the State,' which includes agents and instrumentalities of the State." *Id.*

Under Alabama Code § 16-25-2(b), the Retirement Systems of Alabama, including any officers or employees, are considered instrumentalities of the State of Alabama that are immune from suit in federal court. *See* Ala. Code § 16-25-2(b) ("[A]s instrumentalities of the state funded by the state, the retirement systems, their officers, and employees shall be immune from suit to the same extent as the state, its agencies, officers and employees."). Therefore, any suit seeking compensatory relief from the Retirement Systems of Alabama, or its officers or employees, is barred under the Eleventh Amendment. *Summit Med. Associates, P.C. v. Pryor*, 180 F.3d 1326, 1337 (11th Cir. 1999) (stating that the Eleventh Amendment bars suits against state officials in federal court seeking retrospective or compensatory relief but does not prohibit suits seeking only prospective injunction or declaratory relief).

In the current suit, Plaintiff alleges claims against the Retirement Systems of Alabama and four of its employees – Christopher Townes, Ron Short, Angela Freeman, and the Staff Attorneys of the RSA – seeking relief of $70 million and punitive damages. Accordingly, under the Eleventh Amendment and Alabama Code § 16-25-2(b), Defendants are immune from this suit in federal court, and Plaintiff's claims are to be dismissed.

### d.    The court declines to extend supplemental jurisdiction over Plaintiff's remaining state law claim.

As discussed above, Plaintiff has not alleged federal claims that have arguable merit in law or fact. Where all federal claims are dismissed prior to trial, district courts are encouraged to dismiss any remaining state-law claims. *Raney v. Allstate Ins. Co*., 370 F.3d 1086, 1088-89 (11th

Cir. 2004). Therefore, this court declines to entertain Plaintiff's state-law claim advanced under Alabama Code § 13A-5-13. *See* 28 U.S.C. § 1367(c)(4). He may pursue that claim by filing a complaint in state court.

## IV.     Conclusion

For the reasons set forth above, the court concludes that Plaintiff has not alleged federal claims that have arguable merit in law or fact. Accordingly, this action is due to be dismissed. Further, the court declines to exercise supplemental jurisdiction over the remaining state-law claim in this case pursuant to 28 U.S.C. § 1367(c). A separate order in accordance with this memorandum opinion will be entered.

**DONE** and **ORDERED** this October 13, 2023.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE